### DETERMINED IN THE

# COURT OF ERRORS AND APPEALS,

### OF THE

# STATE OF NEW JERSEY,

### AT JUNE TERM, 1853.

---

### EVELINA VANTILBURGH v. CHARLES SHANN AND OTHERS.

1. In proceedings under the road act the word "highway" will be taken to mean a lawful public road.

2. In every proceeding affecting the property of individuals, the owners of the property affected are entitled to notice of the proceeding, although not directed by the statute under which the proceedings are had. And on an application by the overseer of a road district to justices and surveyors, to ascertain which of the adjoining land owners have encroached on the highway, such owners are entitled to reasonable notice of the time and place of their meeting, and a notice to appear at the place aforesaid, referring to the whole line of road to be viewed is too indefinite.

3. The determination of justice and surveyors under the thirty-second section of the road act, as to encroachments on the highway, must describe the encroachments to be removed with certainty, and by reference to proper monuments.

---

The writ of error in this case brought up the judgment and proceedings of the Supreme Court upon a certificate of two justices of the peace and two surveyors of the highways of the county of Somerset, determining as to encroachments upon a public highway. The certificate and proceedings had been removed into the Supreme Court by *certiorari*

Vantilburgh v. Shann et al.

and the proceedings were there affirmed. The facts and reasons assigned for reversal are set forth in the opinions of the judges.

Argued by Mr. *Halsted,* for plaintiffs in error, and Mr. *S. R. Hamilton,* for defendant.

OGDEN, J. On the 9th of December, 1851, the above named defendants in error, two of whom were justices of the peace and two surveyors of the highways, exercised a special judicial authority, under the provisions of the thirty-second section of "an act concerning roads," approved April 16th, 1846, and found in *Rev. Stat. p.* 515.

An application in writing was made to them on the 27th day of November, preceding, by John Vantilburgh, as one of the overseers of the highways of the township of Franklin, in the county of Somerset, to determine who had encroached upon an highway within his limits and division, described in the application as " *leading from George Kay's to Lewis Heath's corner, in the village of Kingston,*" and the action and determination of that tribunal thereon are complained of, as being illegal and void.

The matter was removed into the Supreme Court by *certiorari,* and the proceedings and determination below were affirmed with costs ; and the judgment of the Supreme Court has been brought by writ of error into this court for review.

The return to the writ of error furnishes this court with the application of John Vantilburgh, and the adjudication of the justices and surveyors, which are in the following words :

To Charles Shann and Ralph Voorhees, Esquires, two of the justices of the peace, in and for the county of Somerset, and to Peter Vandike and Andrew T. Vroom, Esquires, surveyors of the highways of the township of Franklin, in said county of Somerset. Complaint having been made to me, one of the overseers of the highways of the township

of Franklin, *that the highway within my limit and division*, leading from George Kay's to Lewis Heath's corner, in the village of Kingston, is not opened to its full width, but that the same has been encroached upon; and it being doubtful to me, as such overseer, what person hath so narrowed and encroached upon such highway, I do hereby apply to you, the said justices and surveyors, to determine the same, in writing, under your hands, according to law.

JOHN VANTILBURGH.

*Dated,* November 27, 1851.

Charles Shann, Ralph Voorhees, two of the justices of the peace of the county of Somerset, and Peter Vandike and Andrew T. Vroom, the surveyors of the highways of the township of Franklin, in said county, being applied to by John Vantilburgh, overseer of the roads of said township, to determine in regard of certain encroachments upon the highway in said township, leading from George Kay's house, on Rocky Hill, to the house of Lewis Heath, in the village of Kingston, the said overseer being doubtful what person hath narrowed and encroached upon said highway; and notice being given to George Kay, Josiah M. Walker, Peleg H. Barker, Lewis Heath, Aaron Colby, James R. Cruser, Peter Vannole, William G. Baylies and John G. Baylies, executors of the late Robert Baylies, deceased, John Skillman, John Tucker, Evelina Vantilburgh, Elijah Stout, James Conover, Peter Vantilburgh, proprietors of the adjacent land, to appear before us, this day, at the place aforesaid, we proceeded to determine the same, and we, the subscribers, do determine, that Lewis Heath, Peter Vantilburgh, Evelina Vantilburgh, John Skillman, William G. Baylies and John G. Baylies, executors of the late Robert Baylies, deceased, and Peleg H. Barker, hath narrowed and encroached on said highway, and we have staked and marked the part so narrowed and encroached on, and do order the said overseer to open the same according to our

determination. Witness our hands and seals, this ninth day of December, eighteen hundred and fifty-one.

　　　CHARLES SHANN, Justice of the Peace. [L. S.]
　　　RALPH VOORHEES, Justice of the Peace. [L. S.]
　　　PETER VANDIKE, Surveyor of Highway. [L. S.]
　　　ANDREW T. VROOM, Surveyor of High'y. [L. S.]

The first assignment of errors in this court is, " That the judgment of the Supreme Court ought to have been given for Evelina Vantilburgh, plaintiff in *certiorari,* instead of for the defendants."

The second assignment is, " That the state of demand and the matters therein contained are not sufficient for the justices and overseers to maintain their action against the said Evelina Vantilburgh."

I have not been able to discover any affinity between the last assignment of error and the case before the court.

A court for the trial of small causes had so possessed the mind of the pleader, that he did not distinguish between the functions of Justices Shann and Voorhees as Judges of that court, and those which they were called upon to exercise in connection with two surveyors of the highways, by virtue of the provisions of " the act concerning roads," under which their judgment was in this matter invoked.

It seems to me that such careless proceeding in the court of the last resort is highly censurable ; and that the incongruous pleading should have been stricken from the files.

As I think we are at liberty upon the common error assigned, to review the adjudication of the Supreme Court, and to correct any errors which may be apparent from the face of the proceedings, it is proper to examine the points presented in the argument before us, at the last term.

Two principal objections were pressed by the plaintiff in error :

I. That it does not sufficiently appear in the determination made by the defendants in error, that proper notice was given to persons interested in their proceeding.

II. That the determination is defective for lack of certainty.

It was also contended, that the application by the overseer did not show that the road, upon which the officers were called to act, had been regularly laid out, or otherwise lawfully appropriated to the use of the public. In the act concerning roads before referred to, a public road is held to be one which has been laid out by authority of law; and every road thus laid out is therein declared to be a lawful highway. In the twentieth section of the act, provision is made for assigning to the overseers their limits and divisions of "the highways" within the townships. In the twenty-first section the overseers are directed to work "the highways" within their limits, and in the twenty-second section provision is made for defraying the charges of maintaining "the highways."

It is manifest, from an examination of the whole act, and by reference to former acts upon the subject of roads, that the legislature have habitually used the term "highway," as synonymous with a lawful public road. Hence the phrase, "the highway within my limits and division," as employed by the overseer in this case, may be taken as sufficiently descriptive of a public road, regularly laid out, according to the provisions of the statute of this state.

Other matters were discussed, but they not being of sufficient importance to merit adjudication, I return to the consideration of the first reason for reversal.

The only evidence that we have of any notice being given of the meeting of that tribunal, is gathered from their written determination. It sets out that notice was given to George Kay and to fourteen other proprietors of the adjacent land, naming them, to appear before them on the day of the date of the report, "at the place aforesaid," that is, upon "the highway leading from George Kay's house on Rocky Hill to the house of Lewis Heath in the village of Kingston." No length of notice, nor hour of meeting appears. No point upon that road was fixed as the place of meeting. Nothing appears upon the papers or otherwise, to show

the distance between the extreme points of the line of the road to be examined, or the hour when the meeting took place. Neither is it therein recited nor was it proved *aliunde*, that any of the owners or possessors of the adjacent lands were present at the meeting. If the occupants and proprietors of adjacent lands are entitled to proper notice of such a proceeding, of which I think there can be no doubt, because independent of other considerations establishing the propriety of notice, the overseer is directed by the act *forthwith* to proceed and execute the determination of that body; the evidence of sufficient previous notice having been given in this case is altogether defective.

Everything that appears before us may be true, and yet the parties interested in the land may have been deprived of an opportunity of meeting the tribunal, which was summarily, to determine their rights of present possession in their freeholds.

The other point is also with the plaintiff in error. The adjudication is in the following words: "We, the subscribers, do determine that Lewis Heath," and several others by name, "hath narrowed and encroached upon said highway; and we have staked and marked the part so narrowed and encroached on, and do order the said overseer to open the same according to our determination." The paper which was given by them to the overseer as his guide for removing fences and perhaps out-buildings, contains nothing which is definite or certain. It simply refers to stakes and marks, placed by them in and upon the land, and which might be removed and effaced by his act of opening the highway, under their determination.

In this respect their proceeding is altogether too vague, and is defective.

The determination in writing should have set out the parts encroached upon, by description and reference to permanent points, with such precision that the proprietors and occupants of the adjacent land, as well as the overseer of the highway, would have no difficulty in ascertaining from it where the line of the highway was determined by them to

be, and how far the public officer should proceed in opening it.

A simple reference to movable stakes and marks must necessarily leave so important a matter in too much uncertainty. I think that this rule may fairly be established, touching proceedings under the thirty-second section of the act, from analogy to the decisions of the Supreme Court of this state, respecting the certainty required in the returns of surveyors of the highways, in laying out or vacating roads.

The judgment of the supreme court must be reversed.

VALENTINE, J. John Vantilburgh, one of the overseers of the highways of the township of Franklin, in the county of Somerset, finding that the highway leading from George Kay's to Lewis Heath's corner, in the village of Kingston, in said township, was obstructed and not open to its full width; and being doubtful who had obstructed and encroached upon said highway, made application in writing to Charles Shann and Ralph Voorhees, two of the justices of peace of the county of Somerset, and Peter Vandike and Andrew T. Vroom, the surveyors of the highways of said township of Franklin, to view and determine who had so encroached. The justices and surveyors, by their certificate in writing, bearing date the 9th day of December, 1851, certify, " that notice had been given to George Kay and others, fifteen in number, naming them, proprietors of the adjacent land, including Evelina Vantilburgh, the plaintiff in error, to appear before them at the time and place aforesaid."

After viewing the premises, the justices and surveyors aforesaid did determine in writing " that Lewis Heath, Peter Vantilburgh, Evelina Vantilburgh, John Skillman, William G. Baylies and John G. Baylies, executors of the late Robert Baylies, deceased, and Peleg H. Barker, had narrowed and encroached upon said highway;" and the said " justices and surveyors staked out and marked that part of the highway so narrowed and encroached upon, and

directed the overseer to open the same according to their determination."

Which order and determination were removed into the Supreme Court by writ of *certiorari*, at the instance of Evelina Vantilburgh, who relied upon the following reasons for setting aside the order and proceeding of the said justices and surveyors:

I. That the justices and surveyors of the highways exceeded the power and authority vested in them by law.

II. That the determination or judgment is void for uncertainty, it names neither the beginning nor end of the road, nor the course, nor distance of said road.

III. That it does not appear that the said surveyors of the highways were sworn, as required by law.

The Supreme Court affirmed the order and proceedings of the justices and surveyors in all things as valid and effectual in law.

From which judgment of the Supreme Court a writ of error was brought, on the following assignment of errors:

I. General error, that judgment ought to have been given for Evelina Vantilburgh, plaintiff in *certiorari*, instead of for the defendants.

II. That the state of demand, and the matters therein contained, were not sufficient for the justices and surveyors to maintain their action against the said Evelina Vantilburgh.

The second error assigned is too vague and uncertain to merit the attention of the court. It is a matter of regret that counsel will not be more particular, and assign errors to meet the case.

Four questions were raised upon the general assignment of errors by the counsel at bar:

I. It does not appear that the road was a laid out road within the meaning of the statute regulating highways.

II. John Vantilburgh does not sign his name as overseer of the highway.

III. That it does not appear that complaint was made to the surveyors of the highways of the township through which the said road runs.

IV. That the notice to the landholders was insufficient, it neither names time, place, or object of the meeting.

The highway in question being an ancient road leading from Kingston to Somerville, and used and repaired by the public from time immemorial, must be considered a public highway. A road dedicated to the public, or a road used and repaired by the public for a great length of time, is put upon the same footing with roads regularly laid out and recorded. It is, in fact, under such circumstances, presumed to have been originally regularly laid out. Chief Justice Kirkpatrick so ruled in the case of *Ward* v. *Folly*, 2 *South-ard* 484.

As to the second question, John Vantilburgh, in his notice to the justices and surveyors, styles himself one of the overseers of the highways of the township of Franklin, and that the highway within his limits was not open to its full width, and it was *doubtful* to him, as such overseer, what person had narrowed or encroached upon said highway, and then signed his name to said notice, without adding thereto *overseer of the highway*. This was certainly a sufficient declaration of his authority; and it does not appear that any person was or could have been misled, or in any way injured by such omission.

As to the third point, it certainly appears most clearly that complaint was made to the surveyors of the highways of the township of Franklin, and all the proceedings show that the road in question was in that very township of Franklin.

As to the fourth question, relative to notice, in all cases where the freehold of a person is to be invaded by a public officer for the purpose of removing encroachments upon public highways, and a meeting is to be held for the purpose of determining what shall be done in the premises, justice and sound policy require that he should be served with due and timely notice of the time, place and object of the meeting, to give him an opportunity to be present and vindicate his rights; yet courts of justice have no power to enforce such a rule, unless they are authorized to do so by

some statute or law. The legislature alone can make laws, and the courts adjudicate upon those laws as they find them. They have no power to change, alter, modify, or amend them.

I can find nothing in the thirty-second section of the act concerning highways, *Rev. Stat.* 526, which requires notice to be given to the proprietors or possessors of the adjoining land; and all the proceedings in this case were had under the provisions and according to the directions of that section of the act. But suppose an inference may be drawn from the law that such notice is necessary; we have then the report in writing of the justices and surveyors aforesaid, wherein they certify that notice had been given to Evelina Vantilburgh and others, fifteen in number, proprietors named of the adjacent land, to appear before them on that day, at the place aforesaid, and it is averred they met accordingly, which is not denied. Therefore it appears that notice had been given; but for what length of time, or how served, or its contents, does not appear. But the want of proper and timely notice was not urged among the reasons relied upon in the Supreme Court for setting aside the order and proceedings of the justices and surveyors. No such objection to those proceedings was raised; if it had been, the Supreme Court would have adjudicated upon that matter, and if their judgment had been erroneous this court would now correct it. But appellate courts will not reverse for causes not mooted, or objections not raised in the court below. And a party is not at liberty to rely upon one set of objections before the Supreme Court, and then seek to reverse their judgment upon grounds which had not been distinctly presented for their adjudication. " Such a practice would be dangerous to the rights of parties, and subversive of the principles upon which appellate jurisdictions are founded. It is converting a writ of error into a new trial upon the merits of the case, instead of a review of the legal points raised and discussed in the court below."

The plaintiff in *certiorari* should in all cases fully apprise the defendant of all the reasons relied upon for the reversal

of his judgment, thereby giving him an opportunity to meet the case, by a rule to certify if necessary.

Then, this court is driven back to the reasons relied upon for reversing the proceedings of the justices and surveyors of the highways before the court below.

The first of which is, "that the justices and surveyors exceeded the power and authority vested in them by law;" but in what particular I am unable to see or determine.

The second, reason assigned is, "That their determination or judgment is void for uncertainty; it neither names the beginning nor end of the said road, nor the course, nor distance of said road."

The thirty-second section of the act concerning highways above recited, makes it the duty of the overseers of the roads to cause the same to be opened to their full width, and all *encroachments to be removed;* and if it be *doubtful* to the said overseer what person hath encroached, *then* the said overseer shall and may apply to any two justices of the peace in the county, and the surveyors of the highways of the township through which the road runs, who are to "determine the same in writing, under their hands, and the said overseer shall *forthwith* proceed to open the same agreeably to such determination.

And if it be *doubtful* to the said justices and surveyors which of the proprietors or possessors of the adjacent lands have so narrowed or encroached upon said highway, then it shall be the duty of the said justices and surveyors to direct, in writing, under their hands, the said overseer to open equally on each side, which order the said overseer shall *immediately* carry into effect.

According to the provisions of the aforesaid section, if the overseer is *satisfied* who has encroached upon the highway within his limits or jurisdiction, he is directed to proceed *immediately* to remove such encroachments.

No notice is directed to be. given to the proprietors or possessors of the adjacent lands. If the act had contemplated notice it would have directed the kind of notice, whether by putting up public notice in the township or

county, or by personal notice. If personal notice, how long, and how to be served, and how served on non-residents when the land is not occupied. The overseer acts upon his own individual view of the case; he is not directed, and the law *evidently* does not contemplate that he is to call to his assistance a practical surveyor, *and establish a line or lines of course and distance, with permanent, fixed boundaries, and monuments.* The act contemplates an *immediate summary proceeding,* which may have been the reason why the legislature did not direct notice to be given to the adjacent landholder, or they may have considered the encroachment an offence against the state, and the person who had encroached or continued an encroachment upon the public highway to be a *wrong doer, and not entitled to notice.* These are matters which require the attention of the legislature, and are not directed to the discretion of this court.

But if the overseer of the highway be not satisfied who has so narrowed or encroached upon the highway, he shall call two justices of the peace of the county, and the surveyors of the highway of the township in and through which said highway runs, who, or a majority of them, shall determine in writing, under their hands, who has encroached, and *thereupon* the said overseer shall *forthwith* proceed to open said highway agreeably to such determination.

There is *nothing* in the act which requires the justices and surveyors of the highways (any more than the overseer) to *give notice* to the proprietors or possessors of the adjacent land, and call to their assistance a practical surveyor, and establish a line of course and distance with permanent, fixed boundaries and monuments. They are *only required* and directed by the act to name, in writing, under their hands, the person or persons *who have so encroached* on said highway, and the overseer is directed (by the act) to cause the road to be opened to its full width, agreeably to such determination. There is nothing in the act which contemplates delay. The justices and surveyors of the highways are constituted a *special tribunal to abate a nuisance.* The whole proceeding is intended to give *immediate relief to the*

*traveling public.* The justices and surveyors are required to make their determination in writing; but of that determination *no record* is required to be made, neither does the statute provide for a certified copy thereof to be given in evidence. If the legislature had contemplated a *re-survey* of the highway, they would most assuredly have provided for its preservation by directing it to be recorded or filed in some public office. No possible good then can result from a survey of the highway, with course and distance and permanent, fixed monuments, without some provision for its preservation.

And if it be doubtful to the said justices and surveyors, or a majority of them, which of the proprietors or possessors of the adjacent land have so encroached upon the said highway, then it shall be the *duty* of the justices and surveyors, or a majority of them, to direct in writing, under their hands, the said overseer to open such highway *equally on each side,* which order the said overseer *shall forthwith* carry into effect.

There is nothing (most certainly) in either paragraph of the thirty-second section of the act aforesaid which requires notice to be given to the adjoining landholder, or which requires a re survey to be made.

The third reason assigned for the reversal of the determination and proceedings of the justices and surveyors in the Supreme Court, was " that it does not appear that the surveyors of the highways were sworn as required by law." The authority of public officers are presumed by the court, until the contrary be made to appear.

Upon the whole, then, I think the judgment of the Supreme Court should be affirmed.

*For affirmance*—Judges VALENTINE and ARROWSMITH.

*For reversal*—THE CHANCELLOR, Judges OGDEN, CORNELISON, ELMER, RISLEY, and WILLS.

Judgment reversed.

CITED *in Warford* v. *Smith,* 1 *Dutch.* 213; *State* v. *Newark, Id.* 412; *Lindley* v. *Freeman,* 3 *Dutch.* 250; *State* v. *Newark,* 2 *Vr.* 363; *State* v. *Jersey City,* 5 *Vr.* 39; *State* v. *Morristown, Id.* 451; *State* v. *Pierson,* 8 *Vr.* 217; *State* v. *Elizabeth, Id.* 357.